**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ASTRID YARHI,

Plaintiff,

v.

HAMILTON COMPANY,

Defendant.

Case No. 3:25-CV-00725-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Astrid Yarhi's ("Yarhi") *pro se* complaint and application to proceed *in forma pauperis*. (ECF Nos. 2, 2-1.) The Court now screens Yarhi's complaint under 28 U.S.C. § 1915A and, for the reasons discussed below, recommends this action be dismissed and Yarhi's application to proceed *in forma pauperis* be denied as moot.

## I.     SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## II.　SCREENING OF THE COMPLAINT

Yarhi's complaint alleges that Defendant Hamilton Company ("Hamilton") violated the ADA Amendments Act of 2008 and 29 C.F.R. § 1630.2(i) (the EEOC regulation defining major life activities). (ECF No. 2-1 at 3.) However, that is all Yarhi's complaint alleges; she does not include a single factual allegation or make any attempt at explaining how Hamilton violated her rights under the Americans with Disabilities Act ("ADA"), nor state what relief she is seeking. Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a demand for the relief sought" and "a short and plain statement of the claim showing that the pleader is entitled to [that] relief." Because Yarhi's complaint contains neither, the Court recommends it be dismissed with leave to amend so that Yarhi may correct these deficiencies.

### 1.　Amended Pleading Requirements

If Yarhi chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the Court. Yarhi should clearly title the amended pleading as "First Amended Complaint."

For each Defendant and each claim, Yarhi must allege true facts sufficient to show they violated the ADA. In her civil cover sheet, Yarhi describes her cause of action as: "discriminatory and retaliation against me for my disability." (ECF No. 2-2.) Thus, it appears Yarhi intends to bring a disability discrimination claim and so must allege facts demonstrating: "(1) [she] is disabled within the meaning of the ADA; (2) [she] is a qualified individual able to perform the essential functions of [her] job with reasonable accommodation; and (3) [she] suffered an adverse employment action because of [her] disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-*

*Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). To the extent she is attempting to bring a different claim, she must allege sufficient facts based on the elements of that claim.

Lastly, the Court notes that if Yarhi chooses to file an amended complaint curing the deficiencies outlined in this order, she should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Yarhi chooses not to file an amended complaint curing the stated deficiencies, the action will be subject to dismissal for failure to state a claim.

## III.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Yarhi's complaint, (ECF No. 2-1), be dismissed with leave to amend, and that her application to proceed *in forma pauperis*, (ECF No. 2), be denied as moot.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Clerk **FILE** Yarhi's complaint, (ECF No. 2-1).

**IT IS FURTHER RECOMMENDED** that Yarhi's complaint, (ECF No. 2-1), be **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that if Yarhi chooses to file an amended complaint curing the deficiencies of her original complaint, as outlined in this order, Yarhi

shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Yarhi chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court recommends dismissal of this action for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Yarhi's application to proceed *in forma pauperis*, (ECF No. 2), be **DENIED AS MOOT**.

**DATED**: _December 15, 2025_____.

_____
**UNITED STATES MAGISTRATE JUDGE**

5