**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|                        |                 |                                              |
|------------------------|-----------------|----------------------------------------------|
| ASTRID YARHI,          |                 | Case No. 3:25-CV-00725-MMD-CLB               |
|                        | Plaintiff,      | **ORDER DENYING MOTION TO APPOINT COUNSEL**  |
| v.                     |                 | [ECF No. 10]                                 |
| HAMILTON COMPANY,      |                 |                                              |
|                        | Defendant.      |                                              |

Before the Court is Plaintiff Astrid Yarhi's ("Yarhi") motion for appointment of counsel. (ECF No. 10). For the reasons discussed below, the motion is denied.

There is no constitutional right to appointed counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Title 28 U.S.C. § 1915(e)(1) gives courts discretion to "request an attorney to represent any person unable to afford counsel." *See also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While the decision to request counsel lies within the discretion of the district court, the court may only exercise this discretion under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate: (1) the plaintiff's likelihood of success on the merits; and (2) the plaintiff's ability to articulate her claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Neither factor is dispositive, and both factors must be considered before a court reaches a decision. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate her claims due to their complexity. *Id.*

1    Here, Yarhi argues the Court should appoint counsel because her case involves
2    "complex legal standards, evidentiary burdens, and procedural requirements," and
3    because she has "a documented disability." (ECF No. 10 at 2.) However, these
4    arguments fail to support the appointment of counsel. First, Yarhi's argument does not
5    discuss anything specific about her case. The things she cites to — legal standards,
6    evidentiary burdens, and procedural requirements — are applicable to every case.
7    Essentially, Yarhi is arguing she needs counsel because prosecuting a lawsuit is difficult.
8    Such difficulties, however, are faced by every *pro se* litigant and are not exceptional.

9    Moreover, the Court has no way to assess whether Yarhi's case presents complex
10   issues because, as noted in the Court's Report and Recommendation, Yarhi's complaint
11   does not include a single factual allegation. (ECF No. 7 at 3.) In that same vein, the Court
12   has no way of determining whether Yarhi is likely to succeed on the merits. It does not
13   appear Yarhi will have trouble articulating her claims considering she has already
14   pursued her claim through the EEOC, (ECF No. 10 at 2), which itself deals with legal
15   standards, evidentiary burdens, and procedural requirements. Yarhi also provides no
16   information about her disability or how it prevents her from adequately prosecuting her
17   case. For all of these reasons, Yarhi's motion must be denied.

18   Finally, even if all of the above issues were set aside, the Court may only appoint
19   counsel for those litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1).
20   That is, the Court may only appoint counsel for litigants who have been permitted to
21   proceed *in forma pauperis* ("IFP"). Although Yarhi submitted an application to proceed
22   IFP, the Court recommended it be denied as moot given the deficiencies in her
23   complaint, without reaching the merits of the IFP application. (ECF No. 7.) A review of
24   the substance of that application, however, reveals that Yarhi does not appear to be
25   indigent in that she lists significant and substantial financial resources. (ECF No. 2.)
26   Thus, Yarhi would not be entitled to appointment of counsel.

27   Because Yarhi has failed to demonstrate her case presents exceptional
28   circumstances, and because the evidence indicates Yarhi is not indigent, her motion for

1    appointment of counsel, (ECF No. 10), is **DENIED**.

2        **IT IS SO ORDERED**.

3        **DATED**: <u>December 31, 2025</u>

4                                             _____
                                             **UNITED STATES MAGISTRATE JUDGE**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28