**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ASTRID YARHI, | Case No. 3:25-CV-00725-MMD-CLB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF PERSONNEL FILE** |
| v. | |
| HAMILTON COMPANY, | [ECF No. 25, 27, 28] |
| Defendant. | |

Before the Court are Plaintiff Astrid Yarhi's ("Yarhi") motions to compel production of her personnel file. (ECF Nos. 25, 27, 28.)[1] These motions are premature because Yarhi has not yet stated a claim and no defendant has been served. Therefore, discovery has not yet opened, and she is not entitled to compel production of her personnel file.

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required **before** a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

A party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

---

[1]     The Court also notes that while ECF Nos. 27 and 28 were docketed by the Court as "motions," neither document is actually a motion and were improperly docketed. The documents are respectively titled "Plaintiff's Email Request for Complete Personnel File – February 9, 2026" and "Plaintiff's Email Second Request Employee Personnel Records." (ECF Nos. 27, 28.) Each document then includes a copy of an email sent by Yarhi regarding her requests for documents. Thus, the documents are intended to provide the Court with the attached exhibits, and are <u>not</u> motions requesting the Court to take action.

stipulation, or by court order. Fed. R. Civ. P. 26(d). Per the Court's Local Rules, the scheduling conference required by Rule 26(f) must be held "within 30 days after the first defendant answers or otherwise appears." LR 26-1. As the Court has not yet allowed Yarhi to proceed to serve her complaint, Defendant Hamilton has not yet been served and therefore has not answered or appeared. Thus, Yarhi's motion to compel production is denied as premature because no Defendants have been served and therefore Yarhi may not yet seek discovery. Yarhi may not refile a motion to compel until service has been allowed, Defendant answers, and a Rule 26(f) conference has been held.

The Court reminds Yarhi that all parties, including parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although the Court will liberally construe pro se pleadings and will give some latitude to *pro se* litigants, a continued failure to follow the Court's Local Rules and the Rules of Civil Procedure may result in sanctions.

**IT IS THEREFORE ORDERED** that Yarhi's motions to compel production of her personnel documents, (ECF Nos. 25, 27, 28), are **DENIED**.

**DATED**: May 1, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

2