UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASTRID YARHI,<br>Plaintiff,<br>v.<br>HAMILTON COMPANY,<br>Defendants. | Case No. 3:25-cv-00725-MMD-CLB<br>ORDER |

## I. INTRODUCTION

*Pro se* Plaintiff Astrid Yarhi brings this action against Defendant Hamilton Company for alleged violations of the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Plaintiff filed a complaint against Defendant (ECF No. 2-1 ("Complaint")) and an application to proceed *in forma pauperis* (ECF No. 2 ("IFP Application")). The Court screened Plaintiff's Complaint and gave her leave to file an amended complaint. (ECF No. 14.) Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 31 ("R&R")), screening Plaintiff's First Amended Complaint (ECF No. 21-1 ("FAC")) and recommending that the Court dismiss the FAC with leave to amend. (ECF No. 31 at 7-8.) Plaintiff filed an objection. (ECF No. 33 ("Objection").) Plaintiff also filed a Motion for Clarification of the Deadline to file a Second Amended Complaint (ECF No. 34). As further explained below, the Court overrules Plaintiff's Objection and adopts the R&R in full.

## II. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation]

to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed an objection.

Judge Baldwin screens the FAC[1] and recommends it be dismissed without prejudice for failure to state a claim under the ADA and the FMLA. (ECF No. 31 at 8.) Judge Baldwin also recommends granting Plaintiff leave to amend so she may identify facts sufficient to state a claim. (*Id.*) (ECF No. 31 at 8.) Plaintiff now objects to these recommendations. (ECF No. 33 at 2.) However, Plaintiff also asserts that any deficiencies in her FAC are curable through amendment, and thus, requests leave to amend. (*Id.* at 4.) Plaintiff's request aligns with Judge Baldwin's recommendations; nonetheless, the Court conducts de novo review of each of Judge Baldwin's recommendations.

**A. ADA Claims**

Judge Baldwin recommends dismissal of the ADA claims because Plaintiff failed to allege sufficient facts that Defendant discriminated against her in violation of the ADA. (ECF No. 31 at 3.) The Court agrees.

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A liberal construction may not be used to supply an essential element of the claim not initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

---

[1]The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 31 at 3) and does not recite it here.

Here, even construing Plaintiff's allegations together and liberally, the allegations of disability discrimination are conclusory and insufficient to rise above the speculative level. To state a *prima facie* case of disability discrimination against an employer under the ADA, a plaintiff must demonstrate: "(1) [she] is a disabled person within the meaning of the [ADA]; (2) [she] is a qualified individual with a disability; (3) and [she] suffered an adverse employment action because of [her] disability." *Hutton v. Elf Atochem N. Am., Inc.,* 273 F.3d 884, 891 (9th Cir. 2001). Plaintiff's allegation that she "has a documented mental health condition that substantially limits one or more major life activities when active" is insufficient to show she is a disabled person under the ADA[2] or is a "qualified individual." (ECF No. 21-2 at 2.); *See Hutton*, 273 F.3d at 891. Leave to amend is appropriate, however, where a complaint can be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Judge Baldwin recommends leave to amend to allow Plaintiff to explain facts sufficient to establish a *prima facie* case of disability discrimination under the ADA. (ECF No. 31 at 4.) The Court agrees with Judge Baldwin that leave to amend is appropriate to allow Plaintiff to explain the nature of her disability and its impact.

**B. FMLA Claims**

Judge Baldwin similarly recommends dismissal with leave to amend as to Plaintiff's interference and retaliation claims under the FMLA. (ECF No. 31 at 5-6.) Once again, the Court agrees.

**1. Interference**

To demonstrate interference by an employer under the FMLA, an employee must establish: "(1) [she] was eligible for FMLA protections, (2) [her] employer was covered by the FMLA, (3) [she] was entitled to take leave under the FMLA, (4) [she] provided sufficient notice of [her] intent to take leave, and (4) [her] employer denied [her] FMLA benefits to which [she] was entitled." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236,

---

[2]Under the ADA, an individual is considered disabled if they have a "physical or mental impairment that substantially limits one or more of the individual's major life activities." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004).

1243 (9th Cir. 2014) (quotations omitted). Here, Plaintiff fails to allege sufficient facts demonstrating she was an eligible employee or that Defendant was covered by the FMLA.[3] As such, the FAC fails to assert a viable FMLA interference claim. Once more, Judge Baldwin finds that leave to amend is appropriate to allow Plaintiff to state additional facts to show that Defendant is a covered employer. (ECF No. 31 at 7-8.) In her Objection, Plaintiff asserts that she can allege additional facts curing these deficiencies.[4] (ECF No. 33 at 4.) Therefore, the Court agrees with Judge Baldwin that leave to amend is appropriate.

**2. Retaliation**

To state a claim for retaliation under the FMLA, a plaintiff must establish: "(1) [she] engaged in a protected activity under the FMLA; (2) [she] suffered some adverse employment action by the employer following the protected activity; and (3) the adverse employment action was causally linked to the protected activity." *Browett v. City of Reno*, 237 F.Supp.3d 1040, 1046 (D. Nev. 2017) (citing *Raymond v. Albertson's Inc.*, 38 F.Supp.2d 866, 868-69 (D. Nev. 1999)). Plaintiff fails to allege that Defendant is a covered employer, or that she engaged in protected activity under the FMLA. However, because Plaintiff asserts that she can allege sufficient facts demonstrating these elements, the Court finds that leave to amend is appropriate to cure these deficiencies. *See Cato*, 70 F.3d at 1106. In sum, the Court agrees with Judge Baldwin's recommendations to dismiss the complaint with leave to amend.

///

///

---

[3]A covered employer under the FMLA includes one that "employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). An eligible employee is one who works "at least 12 months" for the employer and for "at least 1,250 hours [for the employer] during the previous 12-month period." 29 U.S.C. § 2611(2). Plaintiff does not make these allegations in her FAC.

[4]For example, Plaintiff asserts she can allege that Defendant employed more than 50 employees and that she worked full-time for over 12 months, worked over 1,250 hours during the relevant period, and requested FMLA leave beginning in October 2023. (ECF No. 33 at 4.)

**C. Leave to Amend**

As stated, the Court agrees with Judge Baldwin's recommendation to dismiss the FAC without prejudice and with leave to amend. Plaintiff is advised that, if she chooses to file a Second Amended Complaint, that her first amended complaint supersedes the complaint and, thus, the first amended complaint must be complete itself. *See Hal Roach Studios v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Therefore, any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Plaintiff must clearly title the amended pleading as "Second Amended Complaint." Plaintiff must also allege facts to show that Defendant violated her rights for each Defendant and each claim.

## III. CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 33) to Judge Baldwin's Report and Recommendation (ECF No. 31) is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 31) is adopted in full.

It is further ordered that Plaintiff's First Amended Complaint (ECF No. 21-1) is dismissed with leave to amend.

It is further ordered that if Plaintiff chooses to file a Second Amended Complaint curing the outlined deficiencies, Plaintiff must file the amended complaint on or before November 18, 2026. Failure to timely file an amended complaint will result in dismissal of this action with prejudice for failure to state a claim.

It is further ordered that Plaintiff's Motion for Clarification of Deadline to File Second Amended Complaint (ECF No. 31) is denied as moot.

///

///

///

DATED THIS 19th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE